## JOHN LISSAC v. LEOPOLD KLAPMAN.

Under the 18th Section of the Act "to amend the several Acts enacted to organize the Courts of this State, and for other purposes," approved January 28, 1817—the District Judge of the parish of St. Tammany has power to appoint a Sheriff in default of any officer of the parish authorised to serve legal process.

APPEAL from the District Court, Eighth District, *Baylies*, J. *Halsey*, for plaintiff. *Jones*, for defendant and appellant.

SLIDELL, J. The defendant is sued upon a promissory note made and endorsed by himself, and due 25th January, 1843.

The plea of prescription was properly disregarded. Suit was brought by a former holder, *Behrman*, in January, 1843, before the note fell due, and there was also a provisional seizure of goods, the price of which was the consideration of the note. In May, 1843, the action was dismissed upon the ground that it was prematurely brought, and on the 25th January, 1848, a citation in the present action, was served personally upon *Klopman*. The return is signed by "*A. S. Foster*, Sheriff *pro tempore*." The first appearance of the defendant in the cause was in October following.

It is said the service of citation by *Foster* was a nullity, and did not interrupt prescription. We think otherwise. His written appointment is in evidence. It is signed by the District Judge of the District wherein the suit was brought, bears date 24th January, 1848, and recites "that there was, at the time, an *interregnum* in the office of Sheriff and that the coroner of said parish is absent, consequently there is no officer in the parish authorized to execute the legal process," &c. It declares the appointment to be made under the authority of the 18th Section of an Act entitled "an Act to amend the several Acts enacted to organize the Courts of the State, and for other purposes, approved January 28, 1817." The section is broad enough to cover the power exercised. It is not suggested by counsel, nor are we aware that this provision, in itself so obviously salutary and necessary to prevent a failure of justice, has been repealed. He was sworn into office, before the same Judge, on the day of his appointment. It does not appear that he had executed an official bond before he served the citation. But this omission does not, in our opinion, affect the validity of the service for the purposes of the present question.

On the subject of the reconventional demand for damages for an alleged illegal seizure and malicious prosecution, without noticing other points, it is sufficient to say, that it was considered by a jury of the vicinage; and a perusal of the evidence has not satisfied us that injustice was done by their verdict.

Judgment affirmed, with costs.